1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| ROBERT CAREY, | ) Case No. SA CV 12-173 JCG |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Robert Carey ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits.  Four issues are presented for decision here:

1.      whether the Administrative Law Judge ("ALJ") erred at step two by failing to find a severe impairment of the lumbar spine, (*see* Joint Stip. at 2-4, 5-6);

2.      whether the ALJ improperly rejected the opinion of the consultative examiner, Dr. Concepcion A. Enriquez, regarding Plaintiff's hand limitations, (*see id.* at 7-8, 9-10);

3.      whether the ALJ properly considered the opinion of Plaintiff's treating physician, Dr. Antoinette Marie Stewart, (*see id.* at 10-11, 13-14); and

1    4.    whether the ALJ properly considered Plaintiff's subjective complaints.

2    (*See id.* at 14-16, 19-20.)

3    The Court addresses – and rejects – Plaintiff's contentions below.

4    A.    The ALJ's Step Two Determination

5    Plaintiff first argues that the ALJ erred at step two by failing to find a severe

6    impairment of the lumbar spine.  (Joint Stip. at 2-4, 5-6.)  This is so because a CT

7    scan, dated July 16, 2010, revealed that Plaintiff has moderate to severe degenerative

8    disc disease.  (AR at 816.)  In light of this evidence, the ALJ's step two

9    determination was undoubtedly erroneous.  *See Webb v. Barnhart*, 433 F.3d 683,

10   687 (9th Cir. 2005) (a conclusion that an impairment is non-severe must be "clearly

11   established" by the medical evidence).

12   But such an error is harmless where, as here, the non-severe impairment was

13   also considered at subsequent steps.  *Burch v. Barnhart*, 400 F.3d 676, 683-84 (9th

14   Cir. 2005).  For instance, the ALJ discussed Plaintiff's back pain and degenerative

15   disc disease when determining Plaintiff's residual functional capacity.  Indeed, the

16   back condition was thoroughly supported with citations to Plaintiff's own testimony,

17   (AR at 14; *see* AR at 51-54); his treating physician's diagnosis and treatment plan,

18   (AR at 15; *see* AR at 830, 836-38); and the consultative examiner's opinion, (AR at

19   16; *see* AR at 220-23).

20   Thus, despite the ALJ's erroneous step two determination, Plaintiff's back

21   condition was nonetheless considered at subsequent steps.  Accordingly, the Court

22   finds no reversible error here.

23   B.    The ALJ's Rejection of Dr. Enriquez's Consultative Opinion

24   Plaintiff next argues that the ALJ improperly determined that Plaintiff lacked

25   hand limitations.  (Joint Stip at. 7.)  Specifically, Plaintiff takes issue with the ALJ's

26   rejection of Dr. Enriquez's consultative opinion that Plaintiff is limited to occasional

27   fingering and fine manipulation.  (Joint Stip. at 7; *see* AR at 223.)  The Court,

28   however, is unpersuaded by Plaintiff.

1    An ALJ may reject the controverted opinion of an examining physician only

2    for "specific and legitimate reasons that are supported by substantial evidence."

3    *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008)

4    (quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

5    Here, the ALJ gave such a reason by finding that the hand limitations offered

6    by Dr. Enriquez were undermined by Plaintiff's own prior statements.  (AR at 15.)

7    In particular, the ALJ pointed to a March 16, 2010 treating record by Dr.

8    Bozorgchami.  (*Id.*; *see* AR at 605.)  According to this record, Plaintiff stated that

9    "his psychiatrist . . . started him on [P]ropranolol . . . [,] which has since resolved his

10   symptoms."  (AR at 605.)

11   The ALJ understood these "symptoms" to be referring to Plaintiff's hand

12   tremors.  (*See* AR at 15.)  Plaintiff challenges this interpretation, insisting that the

13   "symptoms" must be psychological since the Propranolol was prescribed by his

14   psychiatrist.  (Joint Stip. at 7, 9.)

15   But these "symptoms" in question are clarified just two pages later by Dr.

16   Bozorgchami himself.  In his ultimate assessment of Plaintiff's condition, Dr.

17   Bozorgchami plainly diagnosed Plaintiff as possessing "a kinetic tremor that has

18   improved with [P]ropranolol."  (AR at 607.)  Thus, contrary to Plaintiff's assertions,

19   the ALJ correctly interpreted Dr. Bozorgchami's statement.

20   Accordingly, the Court determines that no error is present here.[1]

21   C.    The ALJ's Failure to Discuss Dr. Stewart's Treating Opinion

22   As his third contention, Plaintiff argues that the ALJ erred by failing to

23   discuss a disability opinion, dated January 13, 2011, by Plaintiff's treating physician,

24   Dr. Stewart.  (Joint Stip. at 10-11, 13-14; *see* AR at 622.)  The Court disagrees.

25

26

27   [1]   Since Plaintiff's hand tremors were discounted, the Court also rejects
Plaintiff's related argument that the hand tremors preclude utilization of the Grids.

28   (*See* Joint Stip. at 8.)

1   An ALJ "need not discuss all evidence presented to [them]. Rather, [they]
2   must explain why 'significant probative evidence has been rejected.'"   *Vincent v.*
3   *Heckler*, 739 F.2d 1393, 1394-95 (9th Cir.1984) (citing *Cotter v. Harris*, 642 F.2d
4   700, 706 (3d Cir.1981)).

5   Dr. Stewart's opinion is neither significant nor probative.  Two reasons guide
6   that determination.

7   First, Dr. Stewart's opinion is conclusory.  *See Batson v. Comm'r of Soc. Sec.*,
8   359 F.3d 1190, 1195 (9th Cir. 2004) (holding that an ALJ may reject a treating
9   physician's opinion if it is conclusory, brief, and unsupported).  For instance, the
10  form-based report states that Plaintiff could return to his work on January 13, 2012 –
11  exactly a year from the date of the report itself – but gives no details explaining why
12  that time frame is appropriate.  (*See* AR at 622.)  Also, included as "disabling
13  conditions" in the report are a variety of seemingly benign symptoms like "poor
14  appetite" and "irri[ta]bility." (*See id.*)  Notably, no explanation was given as to why
15  such symptoms are disabling, as they are alleged to be.

16  Second, Dr. Stewart's opinion regarding Plaintiff's disability is entitled to
17  little value because that is an issue reserved to the Commissioner.  *See Nyman v.*
18  *Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) (because "opinions by medical experts
19  regarding the ultimate question of disability are not binding[,] . . . [the
20  Commissioner] was not obliged to explicitly detail his reasons for rejecting the
21  [treating physician's] opinion").

22  Accordingly, the Court determines that the ALJ did not err in his treatment of
23  Dr. Stewart's opinion.

24  D.   The ALJ's Assessment of Plaintiff's Testimony

25  Lastly, Plaintiff asserts that the ALJ failed to adequately assess his testimony
26  about his subjective complaints.  (Joint Stip. at 14-16, 19-20.)  The Court, however,
27  is unconvinced.

28  An ALJ can reject a claimant's subjective complaints by expressing clear and

4

1    convincing reasons for doing so.  *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir.

2    2003).  "General findings are insufficient; rather, the ALJ must identify what

3    testimony is not credible and what evidence undermines the claimant's complaints."

4    *Lester v. Chater*, 81 F.3d at 834.

5          Here, the ALJ presented at least two reasons in support of his credibility

6    determination.

7          First, the ALJ found Plaintiff's complaints of poor attention and scattered

8    thoughts to be contradicted by Plaintiff's own statements made elsewhere.  (AR at

9    14); *see Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (specifically

10   listing inconsistent statements as a valid reason for discrediting a claimant).  For

11   instance, the ALJ noted Plaintiff's testimony that he "watches television, reads

12   books[,] and goes to the library [to use] their computers, and that [this] . . . hold[s]

13   his attention for a while."  (AR at 14; *see* AR at 50-51.)  Also, the ALJ cited

14   Plaintiff's statements, found in Dr. Duong's November 25, 2009 report, that his

15   daily activities are unaffected by psychiatric issues.  (AR at 14; *see* AR at 227.)

16   These reasons, as even Plaintiff suggests in his briefing, were properly relied upon

17   by the ALJ in his credibility determination.  (*See* Joint Stip. at 15.)

18         Similarly unwarranted is Plaintiff's assertion that the ALJ ignored his

19   subjective complaints of physical symptoms.  Indeed, as discussed above, the ALJ

20   found that Plaintiff's allegation of hand tremors was undermined by his own

21   statement to Dr. Bozorgchami that the tremors were resolved by Propranolol.  *See*

22   *supra*, at § B; *Thomas*, 278 F.3d at 958-59.

23         Second, the ALJ also cited numerous medical reports that weaken the validity

24   of Plaintiff's subjective complaints.  (*See* AR at 15-16); *see also Rollins v.*

25   *Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (lack of objective evidence, when

26   combined with other factors, is a valid reason for rejecting Plaintiff's testimony).

27   The Court will not belabor these many findings, which span over two pages in the

28   ALJ's decision, but will instead highlight them by brief illustration.  With respect to

1    Plaintiff's back pain, the ALJ cited Dr. Enriquez's consultative opinion, which found

2    that Plaintiff did not experience any muscle spasms and that his "cervical spin[al]

3    range of motion was grossly within normal limits."  (AR at 16; *see* AR at 221-22.)

4    Further, the ALJ cited at least six mental status examinations that found Plaintiff's

5    conditions to be within "normal limits."  (*See* AR at 15-16.)  The Court thus

6    determines that the ALJ adequately assessed Plaintiff's testimony.

7         Accordingly, for the above reasons, the Court further finds that substantial

8    evidence supported the ALJ's decision that Plaintiff was not disabled.  *See Mayes v.*

9    *Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

10        Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

11   **AFFIRMING** the decision of the Commissioner denying benefits.

12

13   Dated: November 30, 2012

14   _____

15                    Hon. Jay C. Gandhi

16                    United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28